IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

THE BANK OF NEW YORK MELLON f/k/a
THE BANK OF NEW YORK, AS SUCCESSOR
TRUSTEE TO JPMORGAN CHASE, AS
TRUSTEE FOR THE CERTIFICATE HOLDERS
OF STRUCTURED ASSET MORTGAGE
INVESTMENTS II, INC., BEAR STEARNS
ALT-A TRUST, 2005-AR1 MORTGAGE
PASS-THROUGH CERTIFICATES,
SERIES 2005-AR1,

    Plaintiff,

v.                                                               CASE NO. 3:14-cv-397-RS-CJK

WELLS FARGO BANK, N.A., SUCCESSOR BY
MERGER TO WACHOVIA BANK, N.A.,

    Defendant.
_____/

## ORDER

Before me are Defendant's Motion to Dismiss Plaintiff's Complaint or, Alternatively, Motion for a More Definite Statement (Doc. 7) and Plaintiff's Response to Defendant's Motion to Dismiss (Doc. 11).

## BACKGROUND

Plaintiff Bank of New York Mellon ("Mellon") sued Defendant Wells Fargo Bank, N.A. ("Wells Fargo") for breach of contract. Mellon alleges that Wells Fargo breached a subordination agreement it had with Mellon involving a mortgage that defaulted. (Doc. 1-3, p. 3-4). Mellon had issued a second mortgage on a property on which Wells Fargo held a first mortgage, and they executed a subordination agreement to subordinate Wells Fargo's mortgage to Mellon's. (Doc. 1-3, p. 2). Mellon initiated foreclosure proceedings against the property, and a priority dispute arose between Mellon and Wells Fargo in the course of those proceedings (Doc. 1-3, p. 3). The dispute appears to have arisen over allegations that Mellon failed to record its mortgage with the state of Florida. (Doc. 7, p. 5; Doc. 11, p. 3 (failing to deny that mortgage was not recorded).

While that dispute was pending, Wells Fargo filed a second action for foreclosure against the property without telling Mellon about that action at all. (Doc. 1-3, p. 3). Wells Fargo obtained default judgment and sold the property for $55,000; meanwhile Mellon was still owed nearly $500,000 on the mortgage. (Doc. 1-3, p. 304).

Mellon sued in state court alleging the Wells Fargo's conduct breached their subordination agreement. Wells Fargo properly removed to this court.

## ANALYSIS

To overcome a motion to dismiss, a plaintiff must allege sufficient facts to state a claim for relief that is plausible on its face. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). Granting a motion to dismiss is appropriate if it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. *Hishon v. King & Spalding,* 467 U.S. 69, 104 S. Ct. 2229, 2232 (1984). I must construe all allegations in the complaint as true and in the light most favorable to the plaintiff. *Shands Teaching Hosp. and Clinics, Inc. v. Beech Street Corp.*, 208 F.3d 1308, 1310 (11th Cir. 2000) (citing *Lowell v. American Cyanamid Co.,* 177 F.3d 1228, 1229 (11th Cir. 1999)).

Here, Mellon appears to have stated a valid claim for breach of contract. It has alleged that the parties executed a valid subordination agreement, and that Wells Fargo breached that agreement by foreclosing on the property without Mellon's consent.

Wells Fargo makes two arguments that Mellon's claim is nonetheless invalid. First, it argues that Mellon failed to mitigate damages by not recording the statute. Second, it argues that Mellon waived its claims on the subordination agreement by failing to raise it in the priority dispute it was litigating in the

original foreclosure action. Both of these arguments appear to be affirmative defenses.

"Generally, the existence of an affirmative defense will not support a motion to dismiss. Nevertheless, a complaint may be dismissed under Rule 12(b)(6) when its own allegations indicate the existence of an affirmative defense, so long as the defense clearly appears on the face of the complaint." *Quiller v. Barclays Am./Credit, Inc.*, 727 F.2d 1067, 1069 (11th Cir. 1984) *on reh'g*, 764 F.2d 1400 (11th Cir. 1985).

As for Wells Fargo's first argument, the allegation that Mellon failed to record its mortgage falls outside the "face of the complaint" and is not appropriate at this stage in the litigation.

As for its second argument, while it is proper for me to take judicial notice of the previous litigation that was referenced in the complaint, *see* Fed. R. Evid. 201(c)(2); *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1277-78 (11th Cir. 1999) (finding judicial notice of documents appropriate where "where the plaintiff has relied on them in framing the complaint") (citations and quotations omitted), Mellon does not appear to have waived its claim under the contract. Mellon did not raise the subordination agreement in a motion for summary judgment in the original foreclosure action, a case which was never fully decided on the merits.

However, given the information currently available, there appears to be no reason that this should amount to a complete waiver of all rights pursuant to subordination agreement. Wells Fargo cites no case law for the proposition that, by failing to raise the contract in an ultimately undecided motion for summary judgment, the contract has become void as a matter of law. Wells Fargo instead only cites the general rule that waiver may be implied from the failure to act—this is true, but does not appear to be relevant to these facts.

Furthermore, even if failure to assert the subordination agreement in a motion for summary judgment waived all priority rights under it, the context of that waiver would fall outside the face of the complaint and cannot be properly decided based on the information currently before the court.

## CONCLUSION

Defendant's Motion to Dismiss Plaintiff's Complaint or, Alternatively, Motion for a More Definite Statement (Doc. 7) is **DENIED**.

**ORDERED** on September 16, 2014.

/S/ Richard Smoak

**RICHARD SMOAK
UNITED STATES DISTRICT JUDGE**